ORLANDO B. GRIFFEN et ux.

*v.*

CAROLINE COOPER et al.

[Decided February 3d, 1908.]

1. The agreement being for a loan to be repaid at a fixed time, the borrower could not, as part of the transaction, deprive himself of the right to redeem frcm the mortgage, in the form of a deed, given as security, even by an express agreement for that purpose.

2. Defendant in a suit to redeem from a mortgage, in the form of a deed, is liable for the costs; his agent having refused to accept tender of the amount due, the right to redeem being denied, and the premises being thereafter conveyed to another.

3. The mortgagee in a mortgage in the form of a deed will be required to account only for the rents actually received, having had no actual possession, except so far as given by payment to him by the tenant of a month's rent, on the condition that it should be paid back to him, if he had to pay the mortgagor; and he having, because of notice from the mortgagor, refused to pay more.

On bill to redeem.

*Mr. Benjamin W. Ellicott,* for the complainants.

*Mr. Ulysses G. Davenport* and *Mr. Eugene Cooper,* for the defendants.

EMERY, V. C.

The answer and proofs of defendants showed that the transaction upon which the defendant Mrs. Cooper received the deed in question was a loan of money, and not a sale of the property, and that the deed made by complainant to her, although absolute in form, was really a mortgage to secure the payment of $150 in three months, according to the terms of a note given at the same time by the borrower. The agreement being for a loan of money to be repaid at a fixed time, the borrower could not, as part of

the transaction, deprive himself of the right to redeem, even by an express agreement for that purpose. *Vanderhaize* v. *Hughes, 13 N. J. Eq. (2 Beas.) 244 (Chancellor Green, 1861).*

The questions reserved at the hearing were as to costs and the liability of the grantee to account for rents. Ordinarily the mortgagor must pay the mortgagee's costs on a bill to redeem, but the mortgagee may by misconduct lose the benefit of this rule, and not only lose his own costs but be made to pay costs. This was done in *Lozear* v. *Shields, 22 N. J. Eq. (7 C. E. Gr.) 447 (Vice-Chancellor Dodd, 1871)*; *S. C. on appeal, 23 N. J. Eq. (8 C. E. Gr.) 509, 511 (1872).* The refusal of defendant's agent in the present case to accept tender of amount due, and the denial and resistance of the right to redeem, including the subsequent conveyance of the premises by the grantee to her son-in-law, are sufficient to bring the case within the exception to the usual rule, and the defendants must pay the costs. As to the liability of the mortgagee Mrs. Cooper, and her grantee Hall, to account for rents of the premises, the equities of the situation are somewhat complicated. The property in question is a double house, one-half of which was, and still is, occupied by the complainants. At the time of the execution of the deed, December 5th, 1906, the other half was rented to a tenant of the complainants, who continued to pay rent to them up to April 15th, 1907. After this date the tenant received notice from the agent or attorney of the defendant Hall to pay rent to him as the owner of the property. The complainants demanded rent of the tenant after being informed by the tenant of the service of the notice, and then notified the tenant not to pay rent to anybody but themselves. This notice not to pay rent was given twice to the tenant by Mrs. Griffen, who usually collected the rent, and the tenant said to her on one of the visits that he would wait till he found out who was the owner and would then pay. He did subsequently pay to Mr. Davenport, as agent of the defendants, one month's rent, but the payment was made on the understanding that if he was obliged to pay complainants it should be paid back to him. No payments of rent have since been made to anyone, and the tenant, in December, 1907, removed from the

premises.   So far as relates to the legal rights of the parties to the rents, under an absolute deed intended as a mortgage, our law is settled that at law the grantee is entitled to recover to the exclusion of the grantor, and if the grantor brought an action at law for the rent the deed would bar recovery from his tenant, and he would not be allowed to show by parol evidence that the deed, absolute on its face, was intended as a mortgage.  *Abbott v. Hanson,* 24 *N. J. Law (4 Zab.) 493 (Supreme Court, 1854).* And so far as the right of the grantee to recover subsequent rents at law is concerned attornment is unnecessary in the case of an absolute deed.   *1 Gen. Stat. p. 875* ¶ *109.*  At the hearing my impression was that the payment constituted an attornment, and that this was important, but on further reflection I conclude that the matter of attornment is not involved, and that if it were the payment here being conditional, and not an absolute recognition of Mr. Davenport's right to collect for the grantee, it probably has not the effect of an attornment.   But the right of a mortgagor whose debt is unpaid to an account for rents and profits from the mortgagee is purely an equitable and not a legal right, and the question therefore is, what is the extent of the liability of the mortgagee to account in equity?  *2 Jones Mort.* § *1116.* Ordinarily a mortgagee in actual possession under a formal mortgage is bound to account for what he has, or without fraud or willful default, might have, received from the time of taking possession.  *Demarest v. Berry, 16 N. J. Eq. (1 C. E. Gr.) 481, 483 (Chancellor Green, 1864)* ;  *Fish. Mort. pp. 491, 672 (form of decree)* ;  *2 Jones Mort.* § *1123.*  By several courts it has been held that where an absolute deed is given the grantee is made the agent of the mortgagor, or grantor, for the collection of the rents, and is only chargeable for rents on the same grounds that an agent would be.  *2 Jones Mort.* § *1117.*  If this rule is taken then the grantor, having stopped the payment of the rent to the grantee, his agent, could not equitably hold him responsible for failure to collect.   Nor would the result be different on applying the ordinary rule charging a mortgagee in possession.   For assuming the mortgagee to have been put in possession by the tenant's conditional payment of one month's rent, his failure to

receive the subsequent rent was not due to fraud or willful default, but to the refusal or failure of the tenant to pay, induced by the grantor's notice. And as to charging the grantee or mortgagee for rents, it must be borne in mind that he is charged only by virtue of actual possession, and that in this case no actual possession is claimed otherwise than by the receipt of one month's rent. This payment was of such a conditional character that in my judgment it did not amount to such an absolute recognition of the grantee's right as to be considered as of itself putting her in actual possession, making her chargeable for the subsequent rents held back by the tenant by reason of the dispute as to title. If complainants, on receiving notice that the defendants intended to exercise their legal rights under the deed, desired or intended to hold the defendants accountable for the actual possession and rents of the premises as applicable to their mortgage, it was their duty to assist rather than obstruct the mortgagee in the collection of the rents in order to make the estate productive. *Fish. Mort. pp.* \*491, 492. Having obstructed the collection of the rents they cannot now charge the defendants with them as due to willful default. On the whole case substantial equity will be worked out by charging defendant with the amount of rent actually received, and by requiring defendants to allow the use of their names, or that of either of them, in an action at law, or other legal proceedings, to recover the back rents, if that be necessary.

Decree declaring the deed to be a mortgage, and for redemption and account and for reconveyance on payment, will be advised, the form of decree to be settled on notice if not agreed on.